## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| MICHELE BLAKELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-00096-CV-DGK |
| | ) | |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT</u>

This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and may be bringing other claims. Pro se Plaintiff Michele Blakely alleges Defendant admitting using fraud to obtain unauthorized access to her nonpublic personal information, negligently reported inaccurate information to credit reporting agencies, and harassed her to pay a debt she does not owe. But her Petition contains almost no specific factual allegations and does not unambiguously identify what her claims are.

Now before the Court is Defendant National Credit Adjusters, LLC's Motion to Dismiss for Failure to State a Claim or for a More Definite Statement. ECF No. 7. Plaintiff has not responded to the motion. For the following reasons, the motion is GRANTED IN PART.

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, because the Petition alleges fraud, it "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy the particularity requirement of Rule 9(b), a petition (called a complaint in federal court) "must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). In other words, "the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id*.

Finally, Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." While such motions are generally disfavored, they are "proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the complain that renders it unanswerable." *Indus. Compressor Supplies, LLC v. Compressed Air Parts Co.*, No. 4:12CV1446JAR, 2013 WL 657225, at *2 (E.D. Mo. Feb. 22, 2013). It is also appropriate where the pleading makes it "virtually impossible to know which factual allegations in a pleading are intended to support which claims for legal relief." *Bostic v. Davis*, 2017 WL 784814, at *2 (S.D. Ohio Mar. 1, 2017).

Here, Plaintiff's fill-in-the-blank Petition, which was originally filed in the Small Claims Court of Jackson County, Missouri, alleges Plaintiff has a $5,000 claim against Defendant which arose on or about September 16, 2022, "as a result of the following events:"

> Defendant has committed fraud through obtaining unauthorized access to Plaintiff's nonpublic personal information. Defendant used acts of defamation to negligently report inaccurate information to credit reporting agencies. Such information was of a usurious contract purchased by the Defendant which held 433% interest. Plaintiff [sic] used harassing, oppressive, and misleading practices

2

> to coerce payment that Plaintiff does not owe in accordance with the Fair Debt Collections Practices Act. Defendant has admitted to such acts of fraud on 9/16/2022, which has caused irreversible damage, financial hardship and mental anguish for 3 years.

Pet. at 1, ECF No. 1-1. This is the entire Petition.

The Petition states almost no facts, which is understandable because it was filed in small claims court by a non-lawyer. But as a result, Defendant does not know what exact claims Plaintiff is bringing (for example, is Plaintiff bring a claim for common law fraud in addition to a FDCPA claim or is she just alleging fraud as the basis for FDCPA claim), or the factual basis for this claim (or claims) to reasonably prepare a response. And since the case has been removed to federal court, the Petition must be revised to meet the pleading standards of federal court.

While the Court could dismiss the Petition without prejudice for failure to state a claim, ordering Plaintiff to file a more definite statement would be more efficient and economical under the circumstances. Accordingly, because the Petition lacks sufficient specific factual allegations for Defendant to reasonably prepare a response, the motion is GRANTED IN PART. Pursuant to Federal Rule of Civil Procedure 12(e), Plaintiff shall file a complaint that places Defendant on notice of the exact claims being brought against it and the factual basis for these claims within fourteen (14) days from the date of this Order. If Plaintiff fails to do so, the Court will dismiss Plaintiff's case without prejudice.

Finally, the Court notes that because attorneys' fees are recoverable under the FDCPA, a licensed attorney might be willing to represent Plaintiff in this matter for little or no up-front cost. Since litigants are almost always better represented by an attorney than when they attempt to represent themselves, the Court encourages Plaintiff to attempt to find an attorney who would be willing to represent her in this matter. If she needs assistance doing so, she should contact the Missouri Bar Association.

3

**IT IS SO ORDERED.**

Date:  April 28, 2023          ___/s/ Greg Kays_____
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT