IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHELE BLAKELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-00096-CV-DGK |
| | ) | |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION TO DISMISS

Pro se Plaintiff Michele Blakely's Amended Complaint alleges Defendant National Credit Adjusters, LLC committed identify theft and violated the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Now before the Court is Defendant's Motion to Dismiss the Amended Complaint for Failure to State a Claim, ECF No. 13, and Plaintiff's Motion for Default Judgment, ECF No. 15.

Plaintiff's motion is without merit. The record shows Plaintiff filed the Amended Complaint on May 15, 2023, and Defendant filed the pending Motion to Dismiss the Amended Complaint on May 30, 2023. The Certificate of Service on Defendant's motion also indicates that a copy of the motion was sent to Plaintiff via certified mail on May 30, 2023. Hence, Defendant responded to the Amended Complaint within the requisite timeframe, and Defendant is not in default. Plaintiff's motion is therefore DENIED.

Turning to Defendant's motion to dismiss, a claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this case, Defendant plausibly argues that none of the Amended Complaint's claims survive a motion to dismiss. The Amended Complaint fails to plead specific facts that Defendant committed identify theft under Missouri law. Even accepting the Amended Complaint's conclusory allegations as true, what this portion of the Amended Complaint suggests is that the person who allegedly obtained the original loan from Speedy Cash using Plaintiff's identity is the one who committed identify theft, not Defendant, who is simply trying to collect on the underlying debt. The federal claims fare no better. The FCRA claim fails because Defendant is not a consumer reporting agency. The FDCPA claim fails as a threshold matter because Plaintiff has not satisfied her burden to plead that the debt in question was consumer debt used for personal, family, or household purposes. Further, as explained in detail in Defendant's suggestions in support, the Amended Complaint fails to plead the necessary prerequisites to support a FDCPA claim under either 15 U.S.C. §§ 1692d(4), 1692e(2)(A), 1692e(10), or 1692f(1).

Accordingly, Defendant's motion is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   July 18, 2023                            /s/ Greg Kays
                                                                   GREG KAYS, JUDGE
                                                                   UNITED STATES DISTRICT COURT